■    In the Matter of the Claim of WILLIAM HICKS, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent; ROCHESTER TURNERS, INC., Appellant.    In the Matter of ROCHESTER TURNERS, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Motion granted, and Edward Nelson, Esq., 35 No. Broad St., Norwich, N. Y., is hereby appointed counsel.

■    JULIUS M. HEUTHE, Respondent, v. PROVIDENCE WASHINGTON INSURANCE COMPANY, Appellant. JULIUS HEUTHE, Respondent, v. QUEEN INSURANCE COMPANY OF AMERICA, Appellant.— Motion, by order to show cause, for an order staying the trial of these consolidated actions denied.

■    In the Matter of the Claim of HANORA HOARE, Appellant, v. GREAT ATLANTIC & PACIFIC TEA Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for permission to prosecute appeal upon record on file in this office (on a previous appeal) and upon printed supplemental record and briefs granted.

■    In the Matter of the Claim of PETER PALKER, Respondent, v. CHARLES E. SELLS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss a purported notice of appeal dated December 8, 1961 granted.

■    NILS JERNBERG, Appellant, v. VIRTIS COMPANY, INC., Respondent.— Motion for stay granted on condition that appellant perfects appeal by August 1, 1962 and be ready for argument at the September Term.

■    [4156] In the Matter of the Probate of the Will of CLARA L. BONESTEEL, Deceased. ANN E. STOWELL, Appellant; UNION NATIONAL BANK OF TROY et al., Respondents.  [4119] In the Matter of the Probate of the Will of CLARA L. BONESTEEL, Deceased. BARBARA MULVEY, Appellant; UNION NATIONAL BANK OF TROY et al., Respondents.— Motions for reargument of the appeals and modification of the decisions.  The decision in the Stowell case reversing the order admitting the will to probate affected the rights only of the appellant Stowell and did not operate to open the default of appellant Mulvey in appeal No. 4119.  The dismissal of the Mulvey appeal as moot left the order of the Surrogate made on the Mulvey application unchanged; but the vacation of the order of probate on the Stowell application would change in essential respects the situation in respect of the probate proceedings at the time the Mulvey application was made; and we would assume that upon a renewal of the Mulvey application the Surrogate would view it in the light of the probate proceeding in which the order of probate has been vacated as to one interested party. Motions for reargument and modification of the decisions in appeals Nos. 4156 (Stowell) and 4119 (Mulvey) denied, without costs.  Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.